Good morning. My name is Andrea Matheson and I represent appellant Raul Zamorano-Ponce. I would like to request three minutes for rebuttal. Adopting the generic definition of statutory rape as enumerated in Estrada Espinoza to include a mens rea for the sexual act harmonizes the definition and the sentencing guidelines with the immigration statute and makes the Taylor analysis under these two schemes consistent for these offenses. Well, has there classically ever been a mens rea element of the type you're arguing for under statutory rape? There hasn't classically been a mens rea. However, if we look at the two cases in 2007 in Gomez-Mendez and Rodriguez-Guzman, you'll see in both of those cases there was a specific enumeration that the sexual act be unlawful, unlike in the case of the Washington statute, there is just a statement that the the that there be a sexual act. So there is not a mens rea, but it's a logical extension if we go beyond and we develop the refinement of the definitions of what statutory rape, starting with Gomez-Mendez, adding on that with Rodriguez-Guzman, and then further going beyond that when we have an en banc panel in Estrada Espinoza. But Estrada Espinoza is about a different phrase in a different statute, and there's nowhere that I could find where sexual abuse of a minor is equated with statutory rape under the statute. In fact, they're both listed, which suggests that they're two different things. So why would we graft a definition of sexual abuse of a minor onto the term statutory rape? Because there's actually two definitions of sexual abuse of a minor that have been laid out. And Estrada Espinoza in the en banc decision goes through a very detailed Taylor analysis that is that the en banc court was not even required to do, and specifically designates and distinguishes between the sexual abuse of a minor when it had to do with the abuse for younger victims and the sexual abuse of a minor, which is in more common parlance that of statutory rape. Well, it may be common parlance, but why would Congress use two separate phrases if they meant exactly the same thing? They're actually not exactly the same thing, because there are two very – there are two separate definitions, because we have the abuse and then we have the statutory rape. What has happened, though, since 2007, there has been a mingling and the exchange of these two terms, sexual abuse of a minor and statutory rape, and what the appellant is asking this Court to do here is to definitively define what the statutory rape, sexual abuse of a minor crime is. It's – Estrada Espinoza wasn't, although it listed knowingly as one of the elements, that wasn't the focus of the case, right? That's correct. And a knowingly element as to statutory rape is almost silly, meaning there's almost no instance – I mean, one can come up with crazy hypotheticals, but the notion that it actually has any function seems to me to be quite unlikely. Well, it's very limited in a way, I think, that supports the argument of the appellant here, because we're not opening up a floodgate of particular instances where we need a knowing act. But if we're – I'm sorry. I don't understand that. I mean, it seems to me that you're opening up a sort of largely hypothetical – I mean, an incredibly hypothetical difference between the generic definition as you would define it and the actual statute that we're dealing with, and then you get into modified categorical issues, and then somebody has to prove up the knowingly, which nobody's ever going to do, because it was never at issue. It's never going to be at issue. Well, it wasn't an issue in the cases that we have in this line of arguments for sexual abuse of a minor, but we do have it in this particular case, and that's why we need to address it. Why do we have it in the particular case? Why do we have it here? Because in this – in the Washington statute, there is nothing that says that. I know, but as to the facts of any particular case, is it ever going to make a difference? Well, under a categorical analysis, it will not. But when we're looking at doing a Taylor, we want to have uniformity in the law. And, in fact, a very recent decision – Well, excuse me, but isn't the uniformity using the generic definition, which would be equivalent to the Model Penal Code definition of statutory rape, that doesn't require what you're asking us to put in? Well, when Estrada Espinosa did a review of the State law, the Model Penal Code, as well as the Federal statute, what it essentially did was fulfill the requirements that Taylor had. But, you see, there's a reason for having the knowingly requirement, and you're talking about sexual abuse of a minor, because you're talking then about a wider range of conduct as to which the knowingly – whether somebody didn't knowingly could have some function. It could have some role. I mean, somebody could be sleeping with a baby and could inadvertently touch them or something. I mean, it's just – it's an entirely – it's a broader concept and, therefore, one as to which the knowingly actually means something. But with regard to an actual rape, I don't see how it can – you can come up with crazy hypotheticals, but they're pretty nutty. Well, we're not required to come up with crazy hypotheticals, but we have to have a reasonable determination about each of the elements. Well, except the Supreme Court, in a case whose name I'm now not remembering, basically said that you can't in this categorical approach – there has to be some reality to it. You can't come up with a hypothetical that's never going to actually happen. And there is. In finding a mismatch between a statute and a generic – that's what really bothers me about this case. It just doesn't seem real in any – in any way. Well, the hypothetical is very narrow about how an act can be unknowing. But if we just look at Criminal Law 101, we have to have a mens rea for a crime and an actus rea. And in this particular case, we have to make sure that we are following what the en banc court and then subsequent criminal courts in the United States. If we conclude that Estrada Espinoza is about a different subject matter, that it just doesn't apply, do you have any argument left, based on our precedent and on the text of the statute? I think that there would be a good challenge, as Medina Villa, as well as other subsequent cases, Castro, Gonzalez-Aparicio, all talk about what the definition of statutory rape is. I see I'm at two and a half minutes. I'd like to reserve the remaining time. You may do that. Thank you. May it please the Court. I'm Bob Miskell from the U.S. Securities Office in Tucson on behalf of the United States. In two prior cases, Gomez-Mendez and Rodriguez-Guzman, this Court defined that the defendant's prior conviction from the State of Washington fits squarely within the definition of those two cases. Estrada Espinoza, in which the en banc court was considering a different statute using a different phrase and defining it differently, did not overrule those two prior cases. And if it didn't overrule those two prior cases, the government permitted the defendant's prior conviction to prevail because of the Gomez-Mendez and Rodriguez-Guzman cases. Unless the Court has any further questions. What did Estrada Espinoza actually say that statutory rape has a knowingly component, statutory rape, not that sexual abuse of a minor? What Estrada Espinoza did, it was interpreting the phrase sexual abuse of a minor in the aggravated felony statute in the Immigration Code. The Estrada Espinoza court said to get that definition, we look at the Federal law labeled sexual abuse of a minor, which is 18 U.S.C. 2243. Right. And then it said this looks a lot like statutory rape, but it then quotes the Monopino Code of Statutory Rape, which doesn't have a knowingly requirement. And does it ever say that statutory rape does have a knowingly requirement? I believe it lists out what the elements of sexual – what it considers the elements of sexual abuse of a minor. Right. But does it list out what it thinks the elements of statutory rape are? Excuse me one second. I think it would be at page 1153 of the opinion that they're talking about that, that there's a long list of the ages that are required in different jurisdictions. It's on page 1152 in the second column. It says, thus, the generic offense of, quote, sexual abuse of a minor. I know that. I can read that. I asked you a very specific question, which is whether it defines statutory rape as having a knowingly requirement. Oh, I'm sorry, Judge. No, it does not. It basically, as I understand Estrada Espinoza, it defines the Federal statute 2243 as being in common parlance known as statutory rape. But I don't think it ever attempts to define statutory rape per se. I'm sorry. I misunderstood your earlier question. Again, unless the Court has any further questions. I think we do not. Thank you. Thank you very much. Ms. Matheson. Could you explain to me specifically how you think Estrada Espinoza is relevant here? It doesn't define statutory rape as having a knowingly requirement, does it? I would submit, Your Honor, that it does. Where? I think it doesn't – it's not the holding of Estrada Espinoza. But it's where. It doesn't say it at all. It doesn't specifically say that. And that's what exactly I'm asking, some clear-line definition from the Court. And that will take care of really where we are with how many elements there are for statutory rape. 2243 and abuse crimes, those are the two definitions of statutory rape – excuse me, sexual abuse of a minor. Statutory rape should be definitively defined as the statute, as the elements under 2243. This will aspire to a single national definition of a given crime. And specifically in Estrada Espinoza it says, and we have recognized that the definition should include generic elements of the offense at issue. And in the Supreme Court decision of Leopold v. Ashcroft, which is 543 U.S. 1, 2004 case, it says the Supreme Court directs that we must interpret the statute consistently whether we encounter its application in a criminal or non-criminal context. So in this case where the government is saying, well, this is only a definition as to the aggravated felony, I beg to differ. There are two – it's a different statute, but it's also a different term. It is a different term, but the problem is, is that we have been interchanging since 2007. Who's we? The Ninth Circuit, specifically in Medina Villa, Castro, Gonzaga, Zaparizio, and Tashima's dissent, it talks about Medina Villa defines sexual abuse of a minor. Estrada Espinoza defines statutory rape, which is the four elements in 2243. And this is why we have what is called, you know, a very murky area of the law, with a bright line definition of the statutory rape. Well, an equally bright line definition is the Model Penal Code definition, which is what is quoted in Estrada, and that doesn't help you a bit. It doesn't in itself, in a tunnel, but the Estrada Espinoza court goes far beyond that in the analysis and looks at the State court and the Federal court and comes up with this particular definition of statutory rape that has that definition. Where does it come up with this particular definition? I'm saying it's a logical extension. It's not a holding of Estrada. And that's where I'm asking the Ninth Circuit to go with this case.  Thank you, Your Honor. We understand your position. Thanks to both counsel. The case just argued is submitted. Thank you.
judges: Alarcon, Graber, Berzon